UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/11/06    . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:**       First National Bank of Omaha v. James Michael Plisko

**Case Number:**    04-01056

### Document Information

**Description:**    Memorandum Opinion re: [6-1] Motion To Dismiss Adversary Proceeding by James Michael Plisko .

**Received on:**    2004-11-05 11:19:57.000

**Date Filed:**     2004-11-05 00:00:00.000

**Date Entered On Docket:**  2004-11-05 00:00:00.000

### Filer Information

**Submitted By:**    James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
JAMES MICHAEL PLISKO,
    Debtor.                                         No. 7-03-19136 SR

FIRST NATIONAL BANK OF OMAHA,
    Plaintiff,
v.                                                 Adv. No. 04-1056 S

JAMES MICHAEL PLISKO,
    Defendant.

**MEMORANDUM OPINION ON**
**MOTION TO DISMISS COMPLAINT**
**-and-**
<u>**ORDER DENYING SAME**</u>

      This matter is before the Court on Defendant's Motion to Dismiss Adversary Complaint (doc. 6), Plaintiff's Response (doc. 9) and Defendant's Reply (doc. 12). Plaintiff appears through its attorney Robert S. Cooper. Defendant appears through his attorney Glen L. Houston. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

      Debtor filed his Chapter 7 petition on December 4, 2003. The deadline for filing complaints to determine dischargeability under Rule 4007(c) was fixed as March 22, 2004. On March 22, 2004, Plaintiff filed this adversary proceeding seeking a determination of the dischargeability of its debt under Section 523(a)(2)(A). The Clerk entered discharge and closed the bankruptcy case on March 29, 2004.

The summons issued on March 30, 2004. Plaintiff served, by first class mail, the Defendant, Defendant's attorney, the case trustee, and the United States Trustee, on April 2, 2004, according to the Certificate of Service filed herein on April 6, 2004 (doc. 5).

Defendant moves to dismiss the adversary under two theories: 1) lack of personal jurisdiction and laches, and 2) failure to state a claim for relief under Section 523(a)(2)(A) because there are insufficient allegations to establish a presumption of nondischargeability under Section 523(a)(2)(C). Both will be discussed.

**LACK OF JURISDICTION AND LACHES**

Defendant argues that the last charges on his account were in October 2003, and that Plaintiff therefore had ample time to file its adversary complaint and serve defendant pursuant to Rule 7004(b)(9)[1]. He claims that because the

---

[1]Rule 7004 provides, in part:
...
**(b) Service by first class mail**
Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:
(1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the
(continued...)

Page -2-

summons and complaint were not served until after the bankruptcy case was closed, he was no longer amenable to service under Rule 7004(b)(9) and that the Court lost jurisdiction over the adversary proceeding. Although the Motion to Dismiss alleges laches, it does not allege any

---

[1](...continued)
place where the individual regularly conducts a business or profession.
...
(9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in a filed writing and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address.
...
**(e) Summons: time limit for service within the United States**
Service made under Rule 4(e), (g), (h)(1), (i), or (j)(2) F.R.Civ.P. shall be by delivery of the summons and complaint within 10 days after the summons is issued. If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days after the summons is issued. If a summons is not timely delivered or mailed, another summons shall be issued and served. This subdivision does not apply to service in a foreign country.
**(f) Personal jurisdiction**
If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code.

Page -3-

prejudice that has resulted or explained how a complaint timely filed under Rule 4007(c) should be construed to, as a matter of law, constitute prejudice.

Turning first to the laches argument, generally when a limitation period is set by statute, laches will not be invoked to shorten that period. United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1207-08 (10th Cir. 2001). Courts do recognize an exception to this general rule in "rare cases", however, if the defendant can demonstrate "an unreasonable delay in asserting the claim and that the defendant was materially prejudiced by the delay." Id. at 1208 (Citation omitted. Emphasis in original.)

Defendant has not alleged or shown that this is one of those rare cases. Plaintiff timely filed its action within the statute of limitations set out in Rule 4007(c). See also Lucero v. Montes (In re Montes), 177 B.R. 325, 332 (Bankr. C.D. Cal. 1994)(Adversary filed within time prescribed by Rule 4007(c) not barred by laches.)

The Court will next address the service issue. The Court does not read Rule 7004(b)(9) as establishing a deadline that must be met to perfect service. Rather, 7004(b) describes who must be served when service is by mail. Rule 7004(e) sets

Page -4-

time limits for service on a defendant located within the United States.  That subsection only requires that the summons be mailed within 10 days of issuance.  In this case, the summons was so mailed.  See also <u>Western Surety Co. v. Daly (In re Daly)</u>, 247 B.R. 369, 375-76 (Bankr. S.D. N.Y. 2000)(Service of adversary need not be complete within the Rule 4007(c) time limit as long as summons is served within 10 days of issuance.)

Furthermore, even assuming Rule 7004(b)(9) did establish a "time limit," technically Rule 7004(b)(9) no longer applied after the case was closed, and therefore Plaintiff could have served Defendant as an individual under Rule 7004(b)(1) (which has no "time limit"), which it did.

Finally, Rule 7004(f) resolves Defendant's personal jurisdiction argument.  The summons and complaint were served according to the Rules, so the Court has jurisdiction.  Also, the Debtor voluntarily submitted himself to the jurisdiction of the Bankruptcy Court by filing the petition, and the Court has jurisdiction over complaints to determine dischargeability of debts.

**<u>SECTION 523(A)(2)</u>**

For a creditor to prevail on a Section 523(a)(2)(A)[2] cause of action, it must prove all five elements of traditional common law fraud:

(1) The debtor made representations;

---

[2] Section 523(a) provides, in part:
**Exceptions to discharge**
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
...
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
(B) use of a statement in writing--
(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive; or
(C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $1,150 for "luxury goods or services" incurred by an individual debtor on or within 60 days before the order for relief under this title, or cash advances aggregating more than $1,150 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 60 days before the order for relief under this title, are presumed to be nondischargeable; "luxury goods or services" do not include goods or services reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor; an extension of consumer credit under an open end credit plan is to be defined for purposes of this subparagraph as it is defined in the Consumer Credit Protection Act.

Case 04-01056-s    Doc 16    Filed 11/05/04    Entered 11/05/04 14:57:00 Page 7 of 11

(2) knowing the representations were false at the time they were made;
(3) with the intent to deceive the creditor;
(4) the creditor justifiably relied on the representations; <u>and</u>
(5) the creditor's loss was the proximate result of the misrepresentation having been made.

<u>AT&T Universal Card Services Corp. v. Reynolds (In re Reynolds)</u>, 221 B.R. 828, 834 (Bankr. N.D. Ala. 1998). Sections 523(a)(2)(A), (B) and (C) are stated in the disjunctive. Therefore, a creditor can meet its burden to prove a debt nondischargeable under (A) without reference to sections (B) or (C).

Subsection (C) creates a special presumption to aid creditors in their task of proving entitlement to relief under subsection (A). That is, debts for luxury goods and services and cash advances over $1,150 incurred by an individual debtor on or within 60 days before the order for relief are presumed to be nondischargeable. "We now know that case authority establishes that the presumption affects only the proof of the third of the five elements of a § 523(a)(2)(A) action, <u>i.e.</u>, the debtor's fraudulent intent." <u>Bank One Columbus, N.A. v. Fulginiti (In re Fulginiti)</u>, 201 B.R. 730, 733 (Bankr. E.D. Pa. 1996)(Citations omitted.)

Therefore, if a creditor/plaintiff fails to make allegations to support reliance on subsection (C), that creditor is not entitled to the presumption and must prove all five elements.  The failure does not result in dismissal of the Section 523(a)(2)(A) claim for failure to state a claim. Defendant's motion to dismiss on this ground is therefore not well taken.

Finally, the Court has reviewed the complaint to determine if it in fact has alleged all five elements of its cause of action.  In a motion to dismiss, the Court takes all well-pleaded facts and nonconclusory allegations of the Plaintiff as true.  <u>Maher v. Durango Metals, Inc.</u>, 144 F.3d 1302, 1304 (10th Cir. 1998).  Dismissal is proper only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Id.</u> (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  The complaint alleges as follows:

1. **<u>Representations.</u>**

When Debtor opened the credit account he agreed to abide by the terms of the account agreement.  (Complaint ("C.") 15). When he incurred charges he represented he had the intent and ability to pay.  (C. 17).

2. **Knowledge of falsity.**

Paragraphs 9 through 14 of the Complaint describe Debtor's general financial condition preceding the bankruptcy. (C. 9-14). When he incurred charges he was unable to meet his existing financial obligations as they became due. (C. 21). He also knew or should have known that he lacked this ability. (C. 22).

3. **Intent.**

Defendant intended to deceive Plaintiff. (C. 22).

4. **Justifiable reliance.**

Paragraphs 18 through 20 describe Plaintiff's justifiable reliance. (C. 18-20).

5. **Proximate result.**

Plaintiff allowed Defendant to make charges on the card. (C. 18). These charges resulted in a claim of $7,338.89 (C. 23).

**CONCLUSION**

Defendant's Motion to Dismiss on the grounds of laches and improper service is not well taken and will be denied. Defendant's alternative Motion to Dismiss for failure to state a claim is not well taken because the complaint alleges all required elements for relief under Section 523(a)(2)(A).

**ORDER**

For the reasons set forth above, the Court ORDERS that Defendant's Motion to Dismiss (doc. 6) is DENIED.

IT IS FURTHER ORDERED that Defendant shall file an answer to the complaint within 20 days of the entry of this Order.

                                  Honorable James S. Starzynski
                                  United States Bankruptcy Judge

I hereby certify that on November 5, 2004, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

Robert S Cooper
1425 Jefferson Rd
Rochester, NY 14623-3139

Glen L Houston
1304 W Broadway Pl
Hobbs, NM 88240-5508

*James E. Burke*